IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTHONY E. GOOCH, Individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | CLASS ACTION Civil Action No. 1:07-0016 |
| v. | ) ) ) | Judge Haynes Magistrate Judge Brown |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA; and AEGON USA, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AEGON USA, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant AEGON USA, Inc. ("AEGON USA"), through its undersigned counsel, submits this memorandum of law in support of its Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"). For the reasons set forth below, AEGON USA is not a proper party to this action, and the Court should enter an order dismissing AEGON USA for lack of personal jurisdiction.

**INTRODUCTION**

This action involves a contractual dispute between Anthony E. Gooch and Life Investors Insurance Company of America ("Life Investors"), arising out of a cancer insurance policy purchased by Gooch from Life Investors in 1997. A copy of the relevant insurance policy is attached as Exhibit "A" to the Complaint. Although AEGON USA did not sell and is not a party to the insurance policy, the plaintiff has inexplicably named AEGON USA as a co-defendant in this action. The purported basis for naming AEGON USA appears to be plaintiff's conclusory

allegation that the Policy "was issued by Defendant AEGON USA, Inc. ("AEGON USA") through its wholly owned subsidiary Life Investors." *See* Complaint ¶ 1. The Complaint also falsely asserts that AEGON USA "provides insurance to consumers in Tennessee." Complaint ¶ 16.

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Court should dismiss AEGON USA from this action for lack of personal jurisdiction. There is no factual or legal basis to exercise specific personal jurisdiction or general jurisdiction over AEGON USA in this action. Tennessee's long arm statute does not apply because AEGON USA (1) is not registered to do business in Tennessee, and in fact does not transact any business in Tennessee, (2) did not commit any tortious act or omission in Tennessee, (3) does not own or possess any interest in property in Tennessee, (4) does not sell, issue or underwrite any insurance policies in Tennessee (or any other state), (5) does not charge or collect insurance premiums in Tennessee, and (6) does not have any contractual or other relationship with the plaintiff Anthony Gooch in Tennessee. In addition, AEGON USA has no continuous or minimum contacts with Tennessee and has not purposefully availed itself of the laws of Tennessee. Accordingly, there is no basis for exercising personal jurisdiction over AEGON USA, and the Court should enter an Order dismissing AEGON USA from this action.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Plaintiff Purchases a Supplemental Cancer Insurance Policy from Life Investors*

On or about November 24, 1997, the plaintiff applied to Life Investors for a supplemental cancer insurance policy (the "Policy"). *See* Policy Application (part of Exhibit A to Complaint). The plaintiff listed his home address on the application as Athens, Alabama. *Id.* The application shows plainly that the plaintiff was applying for a policy from Life Investors, not AEGON USA.

*Id*. The Policy was issued by Life Investors to the plaintiff on or about December 10, 1997. *See* Policy, p. 1 (Exhibit A to Complaint). The Policy includes several riders, all of which were issued by Life Investors, not AEGON USA.[1] Finally, the Policy Schedule Page reflects that the Policy and Riders were issued by Life Investors to the plaintiff as insured, effective November 24, 1997, for a total initial monthly premium of $41.80. *See* Policy at Schedule Page, p. 2. Nowhere does AEGON USA appear on the plaintiff's Policy forms.

### 2. The Plaintiff's Allegations

The plaintiff alleges that in 1999, he was "diagnosed with a form of cancer covered by his Cancer Only Policy." Complaint ¶ 46. Although plaintiff alleges that he subsequently submitted billing statements "to Life Investors *and to AEGON USA*, as Defendants expressly instructed him to do," Complaint ¶ 51 (emphasis added), the Complaint fails to attach any billing statements mailed to AEGON USA, or any correspondence from AEGON USA instructing plaintiff to do anything. In fact, there is no correspondence between AEGON USA and the plaintiff in any jurisdiction. In any event, and more importantly for purposes of this motion, there is no correspondence demonstrating a nexus between AEGON USA and the State of Tennessee.

In conclusory fashion, the plaintiff refers to both Life Investors and AEGON USA together in his Complaint as "Defendants." The plaintiff falsely alleges that he was regularly "paid benefits" by "Defendants," but fails to attach any documentation showing that AEGON USA ever paid any benefit to the plaintiff. Complaint ¶ 52. In fact, AEGON USA has never paid any benefits to the plaintiff under his Life Investors' Policy in Tennessee or anywhere else.

---

[1] *See* Policy, including "Mammography Screening Benefit Rider," "Radiation Therapy, Chemotherapy and Blood Additional Benefits Rider," and "Initial Diagnosis Benefit Rider."

*See* Cervens Declaration ¶ 22.[2]  The plaintiff complains about a letter he received in May 2006, informing him of a change in Life Investors' claims procedures.  *See* Complaint ¶ 54 & Exhibit B.  Although the plaintiff falsely alleges that "Defendants sent the Form Letter," the letter itself reflects clearly that it was sent by Life Investors, not by AEGON USA.  *See* Complaint, Exhibit B (Letter to Anthony E. Gooch from Connie Whitlock, dated May 1, 2006).  The letter was mailed from Life Investors' administrative offices in Louisville, Kentucky to the plaintiff in Athens, Alabama.  This letter does not mention AEGON USA, and further shows no connection with the State of Tennessee.  *Id*.

The plaintiff further complains about the manner in which his insurance claims were processed beginning in October 2006, and continuing through the present.  Complaint ¶¶ 56-59.  AEGON USA did not process any of the plaintiff's insurance claims in Tennessee or anywhere else.  Cervens Declaration ¶ 22.  Nor does AEGON USA process or pay claims under any cancer insurance policies issued by Life Investors.  *Id.*  The plaintiff has asserted claims for breach of contract, breach of implied duty of good faith and fair dealing, bad faith, and he seeks a declaratory judgment regarding "Defendants' obligation under the Cancer Only Policy."  Complaint ¶ 69.  As the Policy itself reflects, however, AEGON USA has no contractual obligations to the plaintiff.  Complaint, Exhibit A.

### 3. *AEGON USA's Lack of Contacts with the State of Tennessee*

AEGON USA lacks any meaningful contacts with the State of Tennessee.  As an initial matter, AEGON USA has never had any contacts with the plaintiff in Tennessee (or elsewhere).  The plaintiff's insurance application, his Policy, and the May 1, 2006 letter attached by the

---

[2] The Declaration of Jeanne de Cervens (hereinafter "Cervens Declaration") is being submitted contemporaneously in support of this Motion.  Jeanne de Cervens is an officer and Assistant Secretary of AEGON USA.

4

plaintiff to his Complaint all demonstrate the complete absence of any connection between the plaintiff and AEGON USA in this State. Nor has the plaintiff communicated with AEGON USA in Tennessee.

In addition to the absence of any specific contact with the plaintiff in Tennessee, AEGON USA also lacks minimum contacts with the State of Tennessee in general. AEGON USA is not incorporated or licensed to do business in this State.[3] AEGON USA is not an insurance company, and it does not underwrite or sell insurance policies in Tennessee. Cervens Declaration ¶ 5. AEGON USA does not manufacture, market, or sell any goods or services in Tennessee. *Id.* ¶ 14. AEGON USA does not have any employees, property, or offices in Tennessee. *Id*. ¶¶ 8-9. Nor has AEGON USA entered into any contracts in Tennessee. *Id.* ¶ 11. AEGON USA does not pay taxes in Tennessee, and, indeed, AEGON USA has never been licensed to do business and does not conduct any business activities in Tennessee. *Id*. ¶¶ 12-16.[4]

## ARGUMENT

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Court should dismiss AEGON USA for lack of personal jurisdiction because AEGON USA does not transact business in Tennessee, it did not issue the plaintiff's Policy, and it does not have the necessary contacts with the State of Tennessee to establish personal jurisdiction.

---

[3] Cervens Declaration at ¶ 4. AEGON USA is incorporated in the State of Iowa and maintains its principal place of business in Iowa and additional offices in Maryland. *Id*.

[4] AEGON USA and Life Investors are separate and distinct legal entities which observe corporate formalities. Life Investors is a subsidiary corporation of AEGON USA. Cervens Declaration ¶¶ 16-20. The allegation in the Complaint that AEGON USA maintains an agent for service of process in Tennessee is false. *Compare* Complaint ¶ 17 *with* Cervens Declaration ¶ 4.

## I. THE PLAINTIFF CANNOT SATISFY THE LEGAL STANDARD NECESSARY TO DEMONSTRATE PERSONAL JURISDICTION OVER AEGON USA IN THIS ACTION

It is well established that the exercise of jurisdiction over a non-resident defendant by a Tennessee court must be consistent with the Tennessee long arm statute and the United States Constitution. Due process under the United States Constitution requires that out-of-state defendants have certain minimum contacts with the forum state so that defense of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The minimum contacts requirement insures that the defendant's "conduct and connection with the forum State" is such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

When a defendant challenges personal jurisdiction, a plaintiff, as the party invoking the court's jurisdiction, bears the burden of proving that jurisdiction exists. *See Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1782 (2006); *Cupp v. Alberto-Culver, USA, Inc.*, 308 F. Supp. 2d 873, 876 (W.D. Tenn. 2004) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). If the Court decides the personal jurisdiction motion without holding an evidentiary hearing, the plaintiff must establish a *prima facie* showing through "presentation of specific facts, by affidavit or otherwise." *Cupp*, 308 F. Supp. 2d at 876-77 (internal citations omitted). The plaintiff has the burden to prove jurisdiction as to *each* defendant. *See Calder v. Jones,* 465 U.S. 783, 787-89 (1984). In determining whether the plaintiff has met his burden, this Court must consider the evidence, including the Cervens Declaration submitted by AEGON USA. *See Intera Corp.*, 628 F.3d at 614 n.7.

In this diversity action, the Court must decide the jurisdictional question according to the law of the State in which the Court sits, in this case Tennessee. *Calphalon Corp. v. Rowlette,*

228 F.3d 718, 721 (6th Cir. 2000). To meet his burden of demonstrating personal jurisdiction over AEGON USA, the plaintiff must provide evidence that AEGON USA's activities fall within the language of Tennessee's long arm statute, and that the Court's exercise of jurisdiction meets constitutional due process requirements. *Intera Corp.*, 428 F.3d at 615 (citing *Calphalon Corp.*, 228 F.3d at 721). Because the plaintiff's allegations are directly refuted by the Cervens Declaration, plaintiff cannot satisfy his burden, and the Complaint should be dismissed as to AEGON USA for lack of personal jurisdiction.

## II. AEGON USA HAS INSUFFICIENT CONTACTS TO SUPPORT PERSONAL JURISDICTION UNDER TENNESSEE'S LONG ARM STATUTE

Tennessee's long arm statute provides seven bases for asserting personal jurisdiction over foreign defendants. Tenn. Code Ann. § 20-2-214(a)(1)-(7) (2007). The plaintiff cannot establish personal jurisdiction over AEGON USA under any of these provisions because the plaintiff cannot demonstrate that his claims for relief arose out of any one of the following activities by AEGON USA:

(1) The transaction of business within Tennessee;

(2) Any tortious act or omission within Tennessee;

(3) The ownership or possession of any interest in property in Tennessee;

(4) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located in Tennessee at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in Tennessee;

(6) Any basis not inconsistent with the Tennessee Constitution or of the United States Constitution; or

(7) Any action of divorce, annulment or separate maintenance where the married parties lived in Tennessee.

Tenn. Code Ann. § 20-2-214; *see also* § 20-2-201 (corporations "doing business" in Tennessee may be subject to suit in the State for transactions occurring in Tennessee or causes of action

arising in Tennessee). The plaintiff has not shown and cannot establish that his claims for relief arose out of any contacts between AEGON USA and the State of Tennessee, including any of the various categories of contacts enumerated in the long arm statute. Cervens Declaration ¶¶ 5-15. Moreover, the court need not conduct a separate analysis under the Tennessee long arm statute if jurisdiction would violate due process because Tennessee's long arm statute is "'coterminous with the limits on personal jurisdiction imposed by the Due Process Clause of the United States Constitution'" and, thus, the "two inquiries merge." *Intera Corp.*, 428 F.3d at 616 (internal citations and quotations omitted). As demonstrated below, exercising personal jurisdiction over AEGON USA would indeed violate due process.

### III. AEGON USA LACKS CONSTITUTIONALLY REQUIRED MINIMUM CONTACTS WITH TENNESSEE NECESSARY FOR THE COURT TO EXERCISE PERSONAL JURISDICTION

Even assuming that the plaintiff could establish jurisdiction under Tennessee's long arm statute (which he cannot), exercising jurisdiction over AEGON USA would violate well established principles of due process. A court may exercise personal jurisdiction over a defendant if its contacts with the state are sufficient to confer either general or specific jurisdiction. To establish general jurisdiction, a plaintiff must establish that "defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp.*, 428 F.3d at 615 (internal citations and quotations omitted). On the other hand, a court may exercise specific jurisdiction where "the claims in the case arise from or are related to the defendant's contacts with the forum state." *Id*. Each alternative basis for jurisdiction requires that there be "certain minimum contacts [between the non-resident defendant and the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. (internal

8

quotations and citation omitted).

### A. AEGON USA Has Insufficient Contacts in Tennessee to Support This Court's Exercise of General Personal Jurisdiction

"Continuous and systematic" contacts with the forum state are necessary for the exercise of general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416-18 (1984); *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002) ("General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.") (internal quotations and citations omitted).

General jurisdiction over AEGON USA does not exist in this case, and the plaintiff cannot make any colorable argument in favor of establishing general jurisdiction. *See Helicopteros Nacionales,* 466 U.S. at 415-16 (nonresident defendants contacts with forum state, including attendance of CEO in forum to negotiate a contract, accepting checks drawn on forum bank, and purchasing goods and services in forum for substantial sums held insufficient to establish general jurisdiction); *see also Bird*, 289 F.3d at 873-74 (internet domain registrar not subject to general personal jurisdiction in forum although 4,666 forum residents had registered domain names with the defendant).

The plaintiff cannot establish any facts specific to AEGON USA that could establish general (or specific) jurisdiction. The plaintiff alleges that "Defendants have substantial contacts within this jurisdiction arising out of the sale of insurance policies in this jurisdiction, including the Cancer Only Policy issued to the Plaintiff." Complaint ¶ 28. But the plaintiff's own exhibits and the undisputed facts demonstrate, that Life Investors, not AEGON USA, issued the insurance policy and had all communications with the plaintiff. *See* Complaint Exhibits A (Policy) and B (May 1, 2006 letter from Life Investors to the plaintiff). Moreover, the Cervens Declaration

9

establishes that AEGON USA does not sell *any* insurance policies in Tennessee, does no business in Tennessee, and certainly does not have contacts that are "continuous," "systematic," "extensive," "wide-ranging," or "substantial." Indeed, AEGON USA is not licensed and does not engage in *any* business in Tennessee. Cervens Declaration ¶¶ 4-15, 21-22. AEGON USA does not have any offices, employees, or sales agents in Tennessee. *Id.* ¶¶ 8-9. Accordingly, AEGON USA cannot be subject to general personal jurisdiction in Tennessee.

> **B.** **AEGON USA Has Insufficient Contacts in Tennessee to Support Specific Personal Jurisdiction**

When a non-resident defendant has insufficient contacts with the forum state such that an assertion of general jurisdiction would violate due process, specific jurisdiction may attach only if the defendant "purposefully avails itself of the privilege of conducting activities" in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Due process requires that "in each case . . . there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "Courts require purposeful availment to insure that 'random,' 'fortuitous,' or 'attenuated' contacts do not cause a defendant to be haled into a jurisdiction." *Cox v. Bombardier, Inc.*, No. 3:04-1059, 2006 WL 273538, *5 (M.D. Tenn. Feb. 1, 2006) (quoting *Burger King Corp.*, 471 U.S. at 475, citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

Tennessee courts consider "the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts," along with the two "lesser factors" of Tennessee's interest in the dispute, and convenience. *Denney v. Forensic Analysis Engineering Corp.*, No. 3:06-0136, 2006 WL 2469381, *4 (M.D. Tenn. Aug. 25, 2006). The Sixth Circuit has adopted a three part test for establishing whether a court may constitutionally

10

exercise specific jurisdiction over a defendant without running afoul of the due process clause:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp.*, 428 F.3d at 615 (citing *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 386 (6th Cir. 1968)).

Because AEGON USA has no contacts with Tennessee, and has not availed itself of the privilege of acting or causing a consequence in Tennessee with respect to the plaintiff, specific jurisdiction does not exist over AEGON USA in this case. *Denney*, 2006 WL 2469381 at *4-5 (plaintiff failed to make a *prima facie* showing of specific personal jurisdiction over defendant where plaintiff "has not presented any jurisdiction facts indicating that [defendant] purposefully availed itself of the privilege of acting in Tennessee or of causing a consequence here.") (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 616-17 (6th Cir. 2005)). The Cervens Declaration establishes that AEGON USA has never availed itself of the privilege of conducting business with the plaintiff in Tennessee as required under the first prong of the *Southern Machine Co.* test. Moreover, as the Cervens Declaration and the plaintiff's own Complaint establish, AEGON USA is not a party to the contract between plaintiff and Life Investors, AEGON USA did not sell any insurance product to the plaintiff, and AEGON USA did not process or pay the plaintiff's insurance claims.[5] Under the second prong of the *Southern Machine Co.* test, the plaintiff's cause of action could not have arisen from AEGON USA's activities in Tennessee, because

---

[5] Cervens Declaration ¶¶ 6, 22. Moreover, not only was AEGON USA not involved in any of the facts alleged in the Complaint, all of the facts and circumstances allegedly giving rise to plaintiff's claims occurred outside the State of Tennessee.

11

AEGON USA conducted no activities in Tennessee.  Finally, it would be patently unreasonable for a Tennessee court to exercise jurisdiction over AEGON USA given the complete absence of any presence by AEGON USA in this State.[6]

In sum, AEGON USA is not subject to specific personal jurisdiction in Tennessee because it does not sell, issue, or market insurance products in Tennessee, it does not do business in Tennessee, and it has no relationship whatsoever with the plaintiff in Tennessee.  The attached Declaration of Jeanne de Cervens demonstrates unequivocally that AEGON USA does not have sufficient contacts with Tennessee to warrant a finding of personal jurisdiction.  Furthermore, the conclusory allegations in plaintiff's Complaint do not constitute evidence and do not satisfy plaintiff's burden under Fed. R. Civ. P. 12(b)(2).  Any exercise of personal jurisdiction over AEGON USA in this case would violate well established law and would offend notions of fair play and substantial justice.  *Burger King Corp.,* 471 U.S. at 471-72 (due process protects a defendant where the defendant "has established no meaningful 'contracts, ties, or relations'") (quoting *Int'l Shoe Co.*, 326 U.S. at 319).

---

[6] AEGON USA is not subject to personal jurisdiction based upon Life Investors' alleged contacts with Tennessee.  *See Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335-38 (1925) (a subsidiary's contacts with a particular state do not confer personal jurisdiction over the parent corporation); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (activities of a subsidiary not sufficient to render a parent subject to a court's jurisdiction, for service of process or otherwise); *Cupp v. Alberto-Culver USA, Inc.*, 308 F. Supp. 2d 873, 879 (W.D. Tenn. 2004) ("[c]orporate ownership alone is insufficient for the exercise of personal jurisdiction.").  Thus, the law is clear that the existence of personal jurisdiction over Life Investors does not confer personal jurisdiction over AEGON USA.

## **CONCLUSION**

For the reasons set forth above, AEGON USA respectfully requests that the Court enter an Order dismissing AEGON USA from this action for lack of personal jurisdiction.

Dated: May 30, 2007.

Respectfully submitted,

|  |  |
|---|---|
| Markham R. Leventhal<br>JORDEN BURT LLP<br>777 Brickell Avenue, Suite 500<br>Miami, FL  33131<br>Tel:  (305) 371-2600<br>Fax: (305) 372-9928 | /s/ A. Scott Ross<br>Thomas H. Dundon (No. 004539)<br>A. Scott Ross (No. 015634)<br>NEAL & HARWELL, PLC<br>150 Fourth Avenue, North<br>Suite 2000<br>Nashville, TN  37219<br>Tel:  (615) 244-1713<br>Fax:  (615) 726-0573<br><br>*Attorneys for Life Investors Insurance Company and AEGON USA, Inc.* |

## **CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of May, 2007, I electronically filed the foregoing "Memorandum of Law in Support of Defendant AEGON USA, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction" with the Clerk of Court using the CM-ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Eric L. Buchanan, Esq.
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN  37402
jgeselbracht@buchanandisability.com

Thomas O. Sinclair, Esq.
M. Clay Williams, Esq.
Andrew P. Campbell, Esq.
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL  35209
tsinclair@cwp-law.com
clayw@cwp-law.com
acampbell@cwp-law.com

*Attorneys for Plaintiff*



/s/ A. Scott Ross

158343