# EXHIBIT "J"

EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTHONY E. GOOCH, Individually and on behalf of all similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) ) | Civil Action No: 1:07-0016 JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, AEGON USA, INC., | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES RELATED TO THE JURISDICTIONAL CHALLENGE OF DEFENDANT AEGON USA, INC.

COMES NOW the Plaintiff, Anthony E. Gooch, and requests that the Defendant answer the following Interrogatories, fully, in writing and under oath within twenty (20) days from the date of service.

### Definitions:

The term **"Cancer Only Policy"** shall mean and refer to the documents the same as or substantially similar to Exhibit A, to the Plaintiff's Complaint.

The term **"Form Letter"** shall mean and refer to the documents including text that is the same as or substantially similar to that included within Exhibit B, to the Plaintiff's Complaint. Notwithstanding the possibility that said document may bear different dates between individual Policyholders.

The term **"Radiation/Chemotherapy Rider"** shall mean and refer to the documents the same as or substantially similar to said rider attached to Plaintiff's Complaint as Exhibit A.

The term **"Relevant Time Period"** shall mean and refer to the period of time between December 17, 1997, through and including the present.

1

The term **"Policyholder"** shall mean and refer to persons insured by Cancer Only Policies or who otherwise have been entitled to receive benefits thereunder at any time during the Relevant Time Period.

The term **"Healthcare Provider Billing Statements"** shall mean and refer to all "itemized hospital bills, doctor bills (surgery, anesthesia, inpatient attending physician bills), chemotherapy and radiation therapy bills" as set forth in the Proof of Loss Instruction (Exhibit B to Plaintiff's Affidavit filed in Support of Plaintiff's Motion for Preliminary Injunction), and any other medical bills, hospital bills, and physician bills or statements that provided a basis for payment of Actual Charges Benefits at any time during the Relevant Time Period.

The term **"Actual Charges Benefits"** shall mean and refer to any and all benefits whose definition includes the term "actual charges" in the Cancer Only Policy

The term **"Actual Expenses Benefits"** shall mean and refer to any and all benefits whose definition includes the term "actual expenses" in the Cancer Only Policy.

The terms **"You," "Your," or "Yourself"** refer and relate to the Defendant, AEGON USA Inc. ("AEGON"), and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

The term **"Cancer Only Policy Documents and Correspondence"** shall mean and refer collectively to the Cancer Only Policy, the Proof of Loss Instruction, the Form Letter, the Radiation/Chemotherapy Rider, and any and all other standardized or "form" documentation, correspondence or communication issued or sent at any time to any or all Policyholders pertaining in any way to the administration or payment of claims seeking "Actual Charges Benefits."

The term **"Proof of Loss Instruction"** shall mean and refer to the documents the same as or substantially similar to Exhibit B to Plaintiff's Affidavit filed in Support of Plaintiff's Motion for Preliminary Injunction.

## INSTRUCTIONS

**A.**     **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory</u>.

**B.**     **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

2

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log.

## INTERROGATORIES

1. Identify each and every person who was consulted in formulating these interrogatory responses or who provided substantive information regarding the same, including in your answer the name, job description, employer and business address for said person and a description of the information said person provided.

2. Identify and describe, specifically and in detail, the business relationship, ownership relation, stock sharing, stock swapping, general services agreement or other business or contractual relationship between AEGON USA Inc. and any AEGON subsidiary or member of AEGON Group and Life Investors as it relates to the sale, administration, and claims handling of Cancer Only Policies, including in your identification and description all applicable oral or written agreements governing the same and the identification of the persons having substantive or supervisory responsibility for or involvement in the same during the Relevant Time Period.

3. Identify and describe, specifically and in detail, the corporate organization of Life Investors, AEGON USA Inc., AEGON Financial Partners, AEGON Group and their various operating entities, groups, teams, divisions, departments, units or subdivisions, and that of their predecessors, if any, during the Relevant Time Period.

4. Identify and describe, specifically and in detail, the relationship between Life Investors and AEGON USA Inc., AEGON Financial Partners, AEGON Group and, include that part of the relationship referring or relating to the administration, claims handling, claims payment or underwriting of Cancer Only Policies during the Relevant Time Period.

3

5. Identify and describe, specifically and in detail, the nature and extent of involvement of Life Investors, AEGON Financial Partners, AEGON USA Inc., and all of said entities' parents, subsidiaries, predecessors, successors, corporate affiliates and divisions with the litigation of this matter.

6. Identify and describe, specifically and in detail, all business activities in which You engage in the State of Tennessee, including without limitation all insurance or financial products marketed and sold by You in the State of Tennessee.

_____
Thomas O. Sinclair
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Eric L. Buchanan
TN State Bar No.: 018568
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Phone: (423) 634-2506
Fax:    (423) 634-2505

Andrew P. Campbell
Thomas O. Sinclair
M. Clay Williams
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax:    (205).803-0053

4

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 11th day of June, 2007, served a copy of the foregoing on all attorneys of record by facsimile and by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

_____
Of Counsel

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTHONY E. GOOCH, Individually and on behalf of all similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) ) | Civil Action No: 1:07-0016<br>JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, AEGON USA, INC., | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION RELATED TO THE JURISDICTIONAL CHALLENGE OF DEFENDANT AEGON USA, INC.

COMES NOW the Plaintiff, Anthony E. Gooch, and requests that the Defendant respond to the following Request for Production, fully, in writing and under oath within twenty (20) days from the date of service.

### Definitions:

The term **"Cancer Only Policy"** shall mean and refer to the documents the same as or substantially similar to Exhibit A, to the Plaintiff's Complaint.

The term **"Form Letter"** shall mean and refer to the documents including text that is the same as or substantially similar to that included within Exhibit B, to the Plaintiff's Complaint. Notwithstanding the possibility that said document may bear different dates between individual Policyholders.

The term **"Radiation/Chemotherapy Rider"** shall mean and refer to the documents the same as or substantially similar to said rider attached to Plaintiff's Complaint as Exhibit A.

1

The term **"Relevant Time Period"** shall mean and refer to the period of time between December 17, 1997, through and including the present.

The term **"Policyholder"** shall mean and refer to persons insured by Cancer Only Policies or who otherwise have been entitled to receive benefits thereunder at any time during the Relevant Time Period.

The term **"Healthcare Provider Billing Statements"** shall mean and refer to all "itemized hospital bills, doctor bills (surgery, anesthesia, inpatient attending physician bills), chemotherapy and radiation therapy bills" as set forth in the Proof of Loss Instruction (Exhibit B to Plaintiff's Affidavit filed in Support of Plaintiff's Motion for Preliminary Injunction), and any other medical bills, hospital bills, and physician bills or statements that provided a basis for payment of Actual Charges Benefits at any time during the Relevant Time Period.

The term **"Actual Charges Benefits"** shall mean and refer to any and all benefits whose definition includes the term "actual charges" in the Cancer Only Policy

The term **"Actual Expenses Benefits"** shall mean and refer to any and all benefits whose definition includes the term "actual expenses" in the Cancer Only Policy.

The terms **"You," "Your," or "Yourself"** refer and relate to the Defendant, Aegon USA Inc. ("AEGON"), and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

The term **"Cancer Only Policy Documents and Correspondence"** shall mean and refer collectively to the Cancer Only Policy, the Proof of Loss Instruction, the Form Letter, the Radiation/Chemotherapy Rider, and any and all other standardized or "form" documentation, correspondence or communication issued or sent at any time to any or all Policyholders pertaining in any way to the administration or payment of claims seeking "Actual Charges Benefits."

The term **"Proof of Loss Instruction"** shall mean and refer to the documents the same as or substantially similar to Exhibit B to Plaintiff's Affidavit filed in Support of Plaintiff's Motion for Preliminary Injunction.

## INSTRUCTIONS

A.  Use of "General Objections"

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request</u>.

2

**B. Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log.

## REQUEST FOR PRODUCTION

1. All documents exchanged between You and any and all governmental agencies or authorities referring or relating to the Cancer Only Policy, including without limitation all regulatory submissions, statements, correspondence, inquiries, criticisms, complaints, summonses, briefs and memoranda, as well as any and all adjudications or decisions, concerning the payment, underwriting, or administration of Actual Charges Benefits during the Relevant Time Period.

2. All documents and records related to the following:

    a. Charts that display, list or represent, in whole or in part, the corporate organization of Life Investors, AEGON Group, their various operating entities, groups, teams, divisions, departments, units or subdivisions, and that of their predecessors, if any, during the Relevant Time Period;

    b. Charts that describe, list or represent, in whole or in part, the relationship between Life Investors and AEGON, including that part of the relationship referring or relating to the administration, claims handling, claims payment or underwriting of Cancer Only Policies during the Relevant Time Period; and

    c. Documents that evidence, refer or relate to the nature and extent of involvement of Life Investors, AEGON, and all of said entities' parents,

3

subsidiaries, predecessors, successors, corporate affiliates and divisions with the litigation of this matter.

3. Documents sufficient to evidence all business activities in which You engage in the State of Tennessee, including without limitation all insurance or financial products marketed and sold by You in the State of Tennessee.

4. Documents sufficient to evidence Your policies, practices, procedures and guidelines concerning communications, reporting, supervision, and/or "chain of command" referring or relating to the following:

   a. The drafting, revision, finalization or approval of Cancer Only Policy Documents and Correspondence;

   b. The underwriting of Cancer Only Policies;

   c. The administration, handling and/or payment of Cancer Claims seeking Actual Charges Benefits;

   d. The payment of Actual Charges Benefits based on amounts billed in Healthcare Provider Billing Statements; and

   e. The payment of Actual Charges Benefits based on "(1) a summary notice from Medicare or Medicaid; (2) an Explanation of Benefits from [the Policyholder's] other insurance; or (3) a statement from [the Policyholder's] provider showing payments and/or adjustments for each treatment."

5. Produce all documents constituting, reflecting or relating to any communications between Defendants' subsidiaries in the State of Tennessee or its agencies and employees regarding Cancer Only Policies You marketed or sold in the State of Tennessee. This request

4

includes all complaints registered with the Insurance Department of the State of Tennessee by Your policyholders.

6. Identify the advertising agency or agencies to include any contractors or subcontractors engaged by Your Your agents, or any subsidiaries or predecessors in interest with regard to advertising campaigns for "Cancer Only Policies."

7. Produce any and all contracts, agreements, memoranda or similar documents between Life Investors Insurance Company of America and any member of the "AEGON Group" referring or relating to responsibilities in relation to the Cancer Only Policies.

8. Produce documents detailing your organizational structure of the claims handling departments to include appellate departments, investigational departments, investigational departments, reference departments, medical departments or any other departments which played any role in the adjudication of the Plaintiff's claim, investigation of the Plaintiff's claim, or provided any services in relation to the adjudication and/or administration of the Plaintiff's claims. These documents should identify, among others, those persons who were involved in the adjudication and/or administration of the Plaintiff's claims, and those individual supervisors and/or consultants who were involved in the administration and/or adjudication of Plaintiff's claim.

9. Produce any and all documents referred to or used in responding to your responses to interrogatories.

_____
Thomas O. Sinclair
One of the Attorneys for Plaintiff

5

**OF COUNSEL:**
Eric L. Buchanan
TN State Bar No.: 018568
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Phone: (423) 634-2506
Fax:     (423) 634-2505

Andrew P. Campbell
Thomas O. Sinclair
M. Clay Williams
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax:     (205).803-0053

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 11th day of June, 2007, served a copy of the foregoing on all attorneys of record by facsimile and by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

_____
Of Counsel

6

| | |
|---|---|
| ANTHONY E. GOOCH, Individually and on behalf of all similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | CLASS ACTION |
| v. ) ) | Civil Action No: 1:07-0016 JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, AEGON USA, INC., ) ) ) ) | |
| Defendants. ) | |

### PLAINTIFF'S FIRST 30(b)(6) DEPOSITION NOTICE & 30(b)(5) DOCUMENT REQUEST RELATED TO THE JURISDICTIONAL CHALLENGE OF DEFENDANT AEGON USA, INC.

To         Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

Deponent:   Representative for AEGON USA Inc.

Date:        To Be Announced

Time:       To Be Announced

Location:    To Be Announced

### I. DEPOSITION NOTICE PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE THAT the Plaintiff, pursuant to Rule 30(b)(6) of the Rules of Civil Procedure, will take the deposition of the Designated Representative(s) of the Defendant.

The Designated Representative(s) Testimony will be taken by way of oral and videotape deposition, and will be used for evidence, or for any other purpose of discovery, and shall be taken before a court reporter authorized to administer oaths under the laws of the United States and shall continue from day to day until complete.

### A. AREAS OF TESTIMONY

The Defendant is directed to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on [the defendant's] behalf," and furthermore provide designations as to the "matters on which the persons will testify." The person(s) designated for the following areas shall be those person(s) most knowledgeable and able to testify as to the following matters known or reasonably available to the Defendant. The following specific areas of testimony are included within this notice:

1. The name, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's claim(s), and a description of the activities undertaken by each individual with regard to the Plaintiff's claim(s) for benefits.
2. The identity of all company personnel and subsidiary personnel who worked on this claim.
3. The identity of all individual(s) who are responsible for the ultimate decision to deny the claim.
4. The business relationship, ownership relationship, stock sharing, stock swapping, general services agreement, or other business or contractual relationships between the Defendant and any other Defendant concerning the administration and claims handling procedures of the insurance policy(ies) at issue in this matter.
5. Any regulatory actions regarding the Defendant's claims handling practices.

### B. DESIGNATION PURSUANT TO RULE 30(b)(6)

Pursuant to Rule 30(b)(6), you are hereby commanded to designate **ON OR BEFORE THIRTY (30) DAYS FROM THE DATE OF SERVICE NOTED IN THE FIRST NOTICE**, the name, title, job description, and the area of testimony (as set forth above) that the officer, director, managing agent, or other person is expected to testify to on behalf of the Defendant. The failure to provide said designations within the time period specified shall constitute the Defendant's consent to a two hour extension of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

### II. PRODUCTION OF DOCUMENTS PURSUANT TO RULE 30(b)(5)

In addition to those designations set forth above, and pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the deponent is hereby directed to produce the documents identified on exhibit "A" attached hereto **ON OR BEFORE THIRTY DAYS FROM THE DATE OF SERVICE NOTED IN THE FIRST NOTICE**. The failure to produce the documents requested within the time period specified shall constitute the Defendant's consent to a two hour extension

2

of the time provided for this deposition by the Rules of Civil Procedure or any applicable scheduling order.

_____
Thomas O. Sinclair
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Eric L. Buchanan
TN State Bar No.: 018568
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Phone: (423) 634-2506
Fax: (423) 634-2505

Andrew P. Campbell
Thomas O. Sinclair
M. Clay Williams
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax: (205).803-0053

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 11th day of June, 2007, served a copy of the foregoing on all attorneys of record by facsimile and by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

_____
Of Counsel

3

## Exhibit "A"

1. Produce all documents detailing the Defendants organizational structure of the claims handling department to include the departments, investigational departments, reference departments, medical departments, or any other departments which played any role in the management and administration of the Plaintiff's claim(s), investigation of the Plaintiff's claim(s), or provided any services in relation to the management and administration of the Plaintiff's claim(s). These documents should identify, among others, those persons who are involved in the adjudication and / or administration of the Plaintiff's claims, and those individual supervisors and consultants who are involved in the management and administration of the Plaintiff's claim(s).

2. Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

3. Produce all documents, correspondence, policies, notes, memoranda, and all documents in your possession, custody or control pertaining, referring or relating in any way to the Plaintiff.

4. Produce a list of all cases in which the deponent produced in response to this deposition notice has offered testimony whether in trial, in deposition, or in affidavit form. Include in this list the style of the case, the name of the attorneys for the company and any opposing attorney along with their contact information.

5. Produce all documents the deponent reviewed in preparation of this deposition.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY E. GOOCH, Individually and on behalf of all similarly situated individuals, ) ) ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| v. ) ) | Civil Action No: 1:07-0016 JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, AEGON USA, INC., ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF VIDEO DEPOSITION

To      Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

Deponent:    Jeanne De Cervens

Date:    To Be Announced

Time:    To Be Announced

Location:    To Be Announced

1

Please take notice that Plaintiff will take the deposition of the deponent named above, upon oral examination, at the date, time and location set out above, pursuant to the Federal Rules of Civil Procedure, and will be used as evidence in the trial of this matter, or for any other purpose of discovery, and shall be taken before a court reporter authorized to administer oaths under the laws of the United States and shall continue from day to day until complete. This deposition shall be recorded by stenographic and videographic means.

_____
Thomas O. Sinclair
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Eric L. Buchanan
TN State Bar No.: 018568
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Phone: (423) 634-2506
Fax:    (423) 634-2505

Andrew P. Campbell
Thomas O. Sinclair
M. Clay Williams
Campbell, Waller & Poer, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax:    (205).803-0053

2

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 11th day of June, 2007, served a copy of the foregoing on all attorneys of record by facsimile and by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Thomas H. Dundon, Esquire
A. Scott Ross, Esquire
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498

Markham R. Leventhal, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

_____
Of Counsel