IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY E. GOOCH, individually and ) <br> on behalf of all similarly situated individuals, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFE INVESTORS INSURANCE ) <br> COMPANY OF AMERICA; ) <br> AEGON USA, Inc. ) <br> ) <br> Defendants. ) | CLASS ACTION <br><br> Civil Action No: 1:07-0016 <br> JUDGE HAYNES |

**SUPPLEMENTAL RESPONSE IN OPPOSITION
TO DEFENDANT LIFE INVESTORS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Anthony E. Gooch ("Gooch), and hereby files his Supplemental Response In Opposition To Defendant Life Investors' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment. In this filing, Plaintiff respectfully submits additional evidence and argument after having been allowed certain discovery from Defendant Life Investors Insurance Company of America ("Life Investors") on the matters designated by the Court at its June 12, 2007, hearing. This Supplemental Response is in addition to the argument originally filed on July 12, 2007 (Doc. #65). In connection with this Supplemental Response, Plaintiff also hereby supplements his prior Consolidated Evidentiary Submission (Doc. #69) with the addition of Connie Whitlock's Deposition (Exhibit 14) and a medical bill (Exhibit 15) Life Investors recently produced in connection with its Initial Disclosure.

1

## INTRODUCTION

On June 12, 2007, Plaintiff filed his initial Response in Opposition to Life Investors' converted summary judgment motion by consolidating those arguments with his arguments in support of his Motion for Partial Summary Judgment (Doc.# 65) because those arguments in their entirety show that Gooch's Cancer Only Policy ("the Policy") requires Life Investors to pay "actual charges" benefits in an amount equal to doctors' bills. For purposes of Plaintiff's opposition to Life Investors' summary judgment motion, Plaintiff hereby expressly incorporates those previously-filed arguments and Consolidated Evidentiary Submission into this Supplemental Response in Opposition seeking the denial of Life Investors' motion. Accordingly, Plaintiff will avoid repetition of those prior arguments in this Supplemental Response in Opposition and focus instead on the additional evidence developed since those prior arguments were filed.

That evidence, which is in the form of deposition testimony from Connie Whitlock both individually and as Life Investors' Rule 30(b)(6) designee, demonstrates the fatal flaws in Life Investors' summary judgment argument that the Policy permits payment of "actual charges" benefits based either on amounts the payor ultimately expensed or on usual and customary charges in the local medical community. Connie Whitlock's testimony shows that Life Investors' new interpretation of basing "actual charges" benefits on amounts expensed by payors results in illusory coverage if the policyholder has no medical care coverage or is unable to pay his or her medical bills. Her testimony also shows that the Policy was intended to pay "actual charges" benefits based on the medical provider's bill.

This additional evidence conclusively supports Plaintiff's interpretation of the Policy where "actual charges" refers to the medical provider's bill, especially given the fact that the

Policy uses different index terms ("usual and customary" charges and "actual expenses") when it intends benefits to be paid according to Life Investors' new "actual charges" definition. For these additional reasons, Life Investors' summary judgment motion should be denied.

## SUPPLEMENTAL FACTUAL STATEMENT

In his original Cross-Motion for Partial Summary Judgment, Plaintiff submitted evidence that included:

>Exhibit "1" – Policy;
>
>Exhibit "2" – Connie Whitlock Memo;
>
>Exhibit "3" – Gooch Deposition;
>
>Exhibit "4" – Form Letter included in Life Investor's Initial Disclosures;
>
>Exhibit "5" – Gooch Form Letter;
>
>Exhibit "6" – Gooch Affidavit;
>
>Exhibit "7" Life Investors' Affidavits Filed With Other Courts Referring to Persons Having Active Claims In Said States;
>
>Exhibit "8" -  Claybrook Policy;
>
>Exhibit "9" – Ward Policy;
>
>Exhibit "10" – Connor Policy;
>
>Exhibit "11" – Metzger Policy;
>
>Exhibit "12" – Instruction Sheet; and
>
>Exhibit "13" – Unpublished Opinions.

Because those exhibits have already been extensively discussed, in this Supplemental Brief Plaintiff will present to the Court only those additional facts developed during recent discovery since this earlier filing.

On July 14, 2007, the Plaintiff took the deposition of Connie Whitlock, Life Investors' Rule 30(b)(6) designee as to the areas of testimony permitted by the Court at the June 12, 2007, hearing. At all times relevant hereto, Ms. Whitlock has served as Senior Vice President of Operations for Life Investors. Whitlock Dep. at 16 (Exhibit 14). Whitlock has also served as Vice President or Senior Vice President in five of AEGON USA, Inc.'s wholly owned subsidiaries. Id.

During her testimony, Ms. Whitlock admitted that, under Life Investors' new index for payment of "actual charges" benefits, persons without medical care insurance who are unable to pay their bills have illusory Cancer Only Policies that will not pay out any benefits despite premiums having been paid and accepted. Her testimony in this regard was as follows:

> Q: Okay. So if, for example, Mr. Gooch didn't have any other insurance, you wouldn't process his claim?
> …
> Q: So if he didn't have any other insurance you'd take the doctor's statement?
>
> A: We would take whatever the doctor accepted as payment in full.
>
> Q: So he would have to pay his doctor's bill before you would pay a claim?
>
> A: No. The doctor would show how much he is requiring him to pay.
>
> Q: What about –
>
> A: Whatever his loss is. If his loss or his actual amount that is due, he has a liability to a doctor. And whatever that amount is, is what we would pay.
>
> Q: What if the doctor out of the goodness of his heart wrote off one of the chemotherapy treatments, and just said, Mr. Gooch, I'm going to let you have this one for free. Would you pay that claim?
>
> A: He didn't have a loss at that point. He had no liability.

Whitlock Dep. at 125-126.

4

During this same line of questioning, Ms. Whitlock also testified, on behalf of Life Investors, that "actual charges" refers to "Whatever the doctors are showing that they expect for payment." Id. at 126. Notably, Gooch's bills from his doctors at Vanderbilt University Medical Center, which Life Investors produced in its Initial Disclosures, include the following statement prominently displayed:

> *INSURANCE CLAIMS ARE FILED AS A COURTESY. YOUR POLICY IS AN AGREEMENT BETWEEN YOU AND YOUR INSURANCE COMPANY AND DOES NOT RELIEVE YOU OF TIMELY PAYMENT OF THIS ACCOUNT. THESE ARE THE AMOUNTS EXPECTED TO BE PAID BY YOUR INSURANCE COMPANY BASED ON OUR BEST INFORMATION.

(Exhibit 15.)

Finally, with respect to the choice of law issue, Ms. Whitlock testified that the Policy issued to the Plaintiff was a Tennessee policy, Whitlock Dep. at 72, which further reinforces Anthony Gooch's testimony that he received the Policy at his place of business in Pulaski, Tennessee.

## ARGUMENT

### I. WHITLOCK'S TESTIMONY SUPPORTS THE HISTORICAL INTERPRETATION OF "ACTUAL CHARGES" AS REFERRING TO THE AMOUNT DOCTORS BILLED IN EXPECTATION OF PAYMENT IN FULL.

As the Court is aware, the outcome of this case depends on the interpretation of the term "actual charges" as that term is used in this policy. While the Plaintiff contends that "actual charges" refers to the amount of the physicians' bills, Life Investors argues that "actual charges" refers to whatever amount the payor "expensed" or, alternatively, the "usual and customary" charge that should have been made in the original bill (but was not). In her deposition, Ms. Whitlock concedes Plaintiff's definition, stating that "actual charges" refers to "Whatever the

5

doctors are showing that they expect for payment." Whitlock Dep. at 126. This statement ends the inquiry and requires that Life Investors' summary judgment motion be denied.

Plaintiff's medical bill from Vanderbilt University Medical Center, quoted above, illustrates this point perfectly. In that bill, VUMC affirmatively states that it expects payment of the amount shown in full, and makes clear that the obligation belongs to the patient, not his medical insurer. (Exhibit 15). Life Investors' argument fails to take into account this crucial fact that physicians are free at any time to pursue the Plaintiff and other Life Investors policyholders for whatever deficiencies remain after their primary insurance has paid the claim, just as VUMC promises to do.

## II. WHITLOCK'S TESTIMONY SHOWS THAT LIFE INVESTORS' PROFFERED DEFINITION OF "ACTUAL CHARGES" LEADS TO AN ABSURD RESULT CAUSING ILLUSORY COVERAGE FOR CERTAIN INSUREDS.

In Plaintiff's original Response in Opposition, Part III-C, Plaintiff noted that Life Investors' argument that its change in the "actual charges" index is not a change in policy terms, but rather is merely a change in "claims procedure", is tantamount to arguing that the Policy lacked an essential term at the time of contracting, rendering it illusory. *See Four Eights, LLC v. Salem*, 194 S.W.3d 484, 487 (Tenn. App. 2005) ("In order for a contract to be binding it must spell out the obligation of the parties with sufficient definiteness that it can be performed. All the essential terms of a contract must be finally and definitely settled.") (quoting *United American Bank of Memphis v. Walker*, 1986 WL 11250, *2 (Tenn. App. 1986)).

Her testimony that insureds lacking healthcare coverage and who are unable to pay their medical bills (an ever-increasing segment of the American public as evidenced by current statistics and discourse among current Presidential candidates) have ***no possibility of receiving benefits*** under current Life Investors' practices is telling, and shows the absurdity of Life

6

Investors' argument. Under Life Investors' current practices as to "actual charges", such persons who are unable to pay their physicians fail to receive any benefit under their Cancer Only Policies, rendering their coverage illusory.

To combat this unjust result, courts have followed the axiomatic principle that insurance policies are to be interpreted in favor of coverage whenever possible to avoid a finding of illusory coverage. *Cf. Neifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 768 (Tenn. 2006) ("Where there is doubt or ambiguity as to its meaning, an insurance contract must be construed favorably to provide coverage to the insured."). For this additional reason, Life Investors' argument suggesting its "actual charges" index is at the mercy of whatever "claims procedure" it may adopt from time to time fails.

Given Connie Whitlock's deposition testimony, Life Investors' motion for summary judgment should be denied.

## CONCLUSION

For these additional reasons, Life Investors' motion for summary judgment should be denied.

/s/ M. Clayborn Williams
*Counsel for Plaintiffs*

7

**OF COUNSEL:**
Eric L. Buchanan
TN State Bar No.: 018568
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, Tennessee 37402
Phone: (423) 634-2506
Fax:    (423) 634-2505

Andrew P. Campbell
Thomas O. Sinclair
M. Clay Williams
Campbell, Gidiere, Lee, Sinclair & Williams, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Phone: (205) 803-0051
Fax:    (205) 803-0053

W. Daniel Miles, III, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Phone: (334) 269-2343
Fax:    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system, this the 3nd day of August, 2007.

Thomas H. Dundon, Esq.
A. Scott Ross, Esq.
2000 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219-2498

Markham R. Leventhal, Esq.
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131

/s/ M. Clayborn Williams