IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY E. GOOCH, individually and on behalf of all similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) CLASS ACTION ) |
| v. | ) Civil Action No: 1:07-0016 ) JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA; AEGON USA, Inc. | ) ) ) ) |
| Defendants. | ) ) |

## [PROPOSED] PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, pursuant to the Court's authority under Rule 26(c), it is herby ORDERED:

1. "Confidential" Documents. "Confidential" documents are documents so designated by the producing party. A party disclosing or producing information, documents or things that it believes to be "Confidential" shall designate the same as "Confidential Pursuant to Court Order" by using said designation on the document or thing at the time of disclosure and production. A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c)(7) of the Rules of Civil Procedure. With regard to discovery responses, any such designation shall be made at the time the responses are served and at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a

designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

2. <u>Scope of "Confidential" Designation.</u> The special treatment accorded the documents designated "Confidential" under this Order shall reach (subject to the challenge provisions set forth below):

    (a) All documents designated "Confidential" under the terms of this Order;

    (b) All copies of such documents;

    (c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents; and

    (d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses such documents.

3. <u>Restrictions on Disclosure of "Confidential" Documents.</u> Except with written prior consent of all parties and except as provided elsewhere in this Order, all documents produced in this suit that are "Confidential" and subject to this Order shall be used solely for the preparation and trial of this suit (including any appeals and retrials) and any similar suit, and shall not be used for any other purpose, including business, governmental or commercial. Documents designated "Confidential," and all information in them, may not be disclosed to any person other than:

    (a) The parties to this litigation and Court personnel;

    (b) Counsel for the parties in this suit;

    (c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Deposition or trial witnesses in this action;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit;

(f) Paragraphs (3)(a) through (3)(e) shall also extend to those persons in similar suits and shall operate to permit the production of "Confidential" documents to Plaintiff's counsel in similar suits who acknowledge and consent to be bound by the terms of this Order by signing the attached Acknowledgment of Protective Order.

4. <u>Certification of Compliance.</u> Except for the persons identified in subparagraphs 3(a)-(d) of this Order, no person authorized under the terms of this Order to receive access to "Confidential" documents shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court with the exception of the written agreements signed by Plaintiff's Counsel in similar suits which shall be provided to Defense Counsel in this matter in timely fashion and shall be accompanied by a designation of those "confidential" documents or things being provided to said Plaintiff's counsel.

5. <u>Use of "Confidential" Documents at Depositions</u>. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents at a deposition, at the request of the party asserting confidentiality the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately

from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Order subject to the right of any party to challenge such designation under paragraph 12.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> If no party provides notice of the designation of "Confidential Pursuant to Court Order" on the record at the deposition none of the testimony from the deposition will be treated as subject to this Order. If a designation of "Confidential" is made on the record at the deposition the transcript shall be treated as "Confidential" under the provisions of this Order (subject to the right of any party to challenge such designation under paragraph 12) for a period of fifteen (15) days from the date the designating party receives the deposition transcript. Within fifteen (15) days of the receipt of the deposition transcript the party asserting certain testimony is "Confidential" shall designate the specific "Confidential" deposition testimony by underlining the portions of the testimony that is claimed to be "Confidential" and stamping such pages "Confidential" and providing the same to opposing counsel before the expiration of the fifteen (15) day period. Until expiration of the 15-day period, provided notice is given at the deposition pursuant to this paragraph, the entire deposition transcript will be treated as confidential under the provisions of this Order subject to the right to challenge said designation under paragraph 12.

7. <u>Use of "Confidential" Documents in Papers Filed with the Court.</u> Documents designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Order.

8. <u>Use of "Confidential" Documents in Court</u>. Documents designated "Confidential" may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that when using "Confidential" documents in court, counsel for the party using the "Confidential" documents shall take steps to insure against the inadvertent disclosure of the "Confidential" documents to persons not subject to this Order.

If the confidential documents are filed they shall be filed under seal and maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the designating party requests their return prior to that time. In that event, the papers will be returned to the designating party.

9. <u>Non-Termination and Return of Documents</u>. The provisions of this Order shall continue to apply to all "Confidential" documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" documents to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction. A party who seeks return or destruction of "Confidential" documents must incur the costs of such return or destruction including reimbursement of any charges for production charged to the party returning the documents.

10. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information is, or is not, Confidential; is or is not, admissible into evidence for any purpose.

11. <u>Interim Protection.</u> "Confidential" documents designated as such when produced by any party in response to discovery requests served after the filing of the complaint in this suit

and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

12. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review any party believes that any documents, information or tangible items designated by a designating party are not "Confidential", then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the document, information or tangible item. The written notice must specifically identify the challenged documents, information or tangible items by bates numbered page where available. The designating party must then seek a protective order from the Court for such documents, information or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the documents, information or tangible item contains information appropriately subject to a Protective Order under Rule 26(c)(7). The filing of a Motion for Protective Order by the designating party within the time limit set forth shall preserve the designation until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

Prior to submitting to this Court disputes regarding confidentiality of documents, the parties shall confer and shall report to this Court the outcome of the conference.

Either party may seek monetary sanctions, including an award of attorney's fees, for assertions of confidentiality or challenges to confidentiality, which are not made in good faith.

ENTERED: 9-9-08

_____
Judge William J. Haynes, Jr.

6
Case 1:07-cv-00016   Document 181-1   Filed 08/22/2008   Page 6 of 8

Case 1:07-cv-00016   Document 199   Filed 09/16/08   Page 6 of 6 PageID #: 4073