# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY E. GOOCH, individually and on behalf of all similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | CLASS ACTION |
| v. ) ) | Civil Action No: 1:07-0016 |
| ) | JUDGE HAYNES |
| LIFE INVESTORS INSURANCE ) COMPANY OF AMERICA; ) AEGON USA, Inc. ) ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR REINSTATEMENT OF PARTIAL SUMMARY JUDGMENT FOR THE PLAINTIFF

COMES NOW the Plaintiff, Anthony E. Gooch, individually and on behalf of all similarly situated individuals, and respectfully requests this Court reinstate that part of its March 6, 2008 Order (Doc. No. 113) entering summary judgment as to the Plaintiff's declaratory relief count. In support of this request, the Plaintiff states:

  1. On June 8, 2007, the Defendants filed their Motions to Dismiss or in the Alternative for Summary Judgment. (Doc. No. 45). Thus, the Defendants asked this Court to reach the merits of this case before reaching the issue of class certification.

2.	On July 12, 2007, the Plaintiff filed his Cross-Motion for Summary Judgment (Doc. No. 64), where he consented to the Defendants' request this Court reach the merits of the case.  That same day the Plaintiff also filed the Plaintiff's Motion for Class Certification under Rule 23(b)(2).  (Doc. No. 66).  The Plaintiff also filed that same day the Motion to Amend the Preliminary Injunction to apply to the class.  (Doc. No. 68).

3.	On July 24, 2007, the Defendants filed a Motion to Stay designed to limit this Court's ability to do anything with the pending summary judgment motions other than enter an order in the Defendants' favor.  (Doc. No. 74).  What the Defendants failed to appreciate and have continuously refused to acknowledge is that the Plaintiff's cross motion for a declaratory judgment as to the unambiguous meaning of the phrase "actual charges" was in response to the Defendants' consent for this Court (as evidenced by their Motion for Summary Judgment) to reach that same issue.

4.	Thus, the parties consented to the Court issuing an Order declaring the meaning of the phrase "actual charges" and that Order is presently the law of the case.[1]

---

[1] Contrary to the Defendants' arguments misstating the law, entry of this partial summary judgment does not preclude prosecution of this action on a class-wide basis.  For a detailed explanation of the law as it applies here, see Plaintiff's Response to Defendants' Misstatements of Law Contained in: Defendants' Motion to Dismiss or Eliminate Plaintiff's Class Allegations Based On One-Way Intervention, Doc. No. 266.

2

5. However, the Defendants have taken the Court's Order setting aside partial summary judgment to mean that the Court has also similarly set aside its ruling on the declaratory portion of the Order determining the phrase "actual charges" in the Plaintiff's favor. While the Plaintiff recognizes the distinction, it is apparent from the Defendants' most recent discovery filings and their pleadings with the Sixth Circuit that the Defendants failed to understand that the Court has reached and ruled upon (by consent of the parties) the meaning of the phrase "actual charges" in the contract at issue. Re-entry of summary judgment in this regard will, therefore, clarify this issue and allow the entire putative class to benefit from the bargain they actually struck when they purchased these Cancer Policies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court reinstate its partial summary judgment for the Plaintiff. The Defendants should not be permitted to again re-litigate issues long ago resolved at the Defendants' urging.

Respectfully submitted,

*/s/ Thomas O. Sinclair*
Thomas O. Sinclair
Andrew P. Campbell
M. Clayborn Williams
Leitman Siegal Payne & Campbell, P.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053
E-mail: tsinclair@lspclaw.com

Eric L. Buchanan, Esq.
Eric Buchanan & Associates
414 McCallie Ave.
Chattanooga, TN 37402

W. Dee Miles, Esq.
John Thomlinson, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36103

**ATTORNEYS FOR PLAINTIFF
ANTHONY E. GOOCH**

4

Case 1:07-cv-00016   Document 268   Filed 05/22/09   Page 4 of 5 PageID #: 5586

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on the 22nd day of May, 2009 a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Court's electronic filing system:

    Thomas H. Dundon, Esq.
    A. Scott Ross, Esq.
    2000 One Nashville Place
    150 Fourth Avenue North
    Nashville, TN  37219

    Markham R. Leventhal, Esq.
    Julianna Thomas McCabe, Esq.
    Jason Patrick Kairalla, Esq.
    Irma Reboso Solares, Esq.
    Jorden Burt LLP
    777 Brickell Avenue, Suite 500
    Miami, FL  33131

                                          /s/ *Thomas O. Sinclair*
                                          Of Counsel