IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY E. GOOCH, individually and on behalf of all similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | CLASS ACTION |
| v. ) ) | Civil Action No: 1:07-0016 JUDGE HAYNES |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA; AEGON USA, Inc. ) ) ) ) ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO STRIKE

COMES NOW the Plaintiff, Anthony E. Gooch, individually and on behalf of all similarly situated individuals and respectfully request the following relief:

1. Plaintiff requests the Court strike from the record the Declaration of Marc Chapman (Doc. Nos. 298-7 and 298-8) for the reasons set forth below.

2. Plaintiff requests the Court strike from the record the Declaration of Glenn Allen Melnick (Doc. No. 298-9) for the reasons set forth below.

These Defendants provide the aforementioned declarations in support of their brief on the class certification issue raised in the Plaintiff's Motion for Class Certification. In the two (2) years the Plaintiff's Motion has been pending, the

Defendants never disclosed these witnesses. See Exhibit 1, Defendants' Initial Disclosures and Exhibit 2 Defendants' Discovery Responses.

Plaintiff made every effort to avoid the necessity of this motion but the Defendants simply refused to disclose who they consider to possess evidence relevant to their claims and defenses in this matter:

> I write concerning the Initial Disclosures of Life Investors Insurance Company of America ("Life Investors") and AEGON USA, Inc. ("AEGON"), which to date we have not received except for a limited number of documents produced immediately prior to the depositions of Connie Whitlock and Jeanne de Cervens. Based on your correspondence that accompanied those documents and the positions your clients repeatedly took in response to our discovery demands, we understood your clients' position at the time to be that they are not obligated to make any Initial Disclosures or to respond to any discovery other than a handful of very limited topics because of your clients' dispositive motions which were pending at that time.
>
> Now that your clients' motions have been decided against them and are no longer pending, the basis for that position no longer exists. Accordingly, <u>we ask that Life Investors and AEGON provide us with their Initial Disclosures in full compliance with Fed. R. Civ. P. 26(a)(1). We expect those disclosures to include the identification of (i) each individual your clients expect to have discoverable information which they may use to support their defense in this action; . . .</u> See Fed. R. Civ. P. 26(a)(1)(A). Please note that, for purposes of initial disclosures, "use" is defined broadly.
>
> Accordingly, the Plaintiff requests that Life Investors and AEGON promptly provide Initial Disclosures in full compliance with Fed. R. Civ. P. 26(a)(1) <u>and include the identification of all witnesses and documents that they may use in defense of this action, including those relating to your anticipated denials of the allegations in the Complaint, opposition to class certification and in any additional dispositive motions your clients may file.</u>

See Exhibit 3, March 11, 2008 Correspondence from Plaintiff's Counsel to Defense Counsel (emphasis added).

> We will hold a conference call at 3:00 p.m. Central Time tomorrow, March 24th. The call in number is 866-212-0875 and the code is 1230274#. Please attend yourself or have any one of the other attorneys for your clients attend.
>
> The issues to be discussed:
>
> 2. <u>Whether we have to file a motion to compel initial disclosures</u>.

See Exhibit 4, March 24, 2008 Correspondence from Plaintiff's Counsel to Defense Counsel (emphasis added).

> I am in receipt of your correspondence dated March 25, 2008 and received via facsimile at 8:57 a.m. CST. <u>I understand you are refusing to participate in the telephone conference that we had scheduled for today and, in spite of my requests that your office provide us with alternative dates for this conference, you refused to do so</u>.
>
> . . . <u>as you may recall your clients insisted that the scope of discovery was limited to the subject matters of their motions, and as such, they were qualifying their initial disclosure production</u>. I note that you reference supplementation of initial disclosures but do not provide the dates upon which that will be done. Please note that we are aware that your clients have been gathering documents related to these claims and have made that affirmative representation to various other Courts. <u>Not only do we not have the class representative's entire file (including for example cheat sheets) we have yet to receive copies of those documents which your clients are required to produce as a result of their affirmative defenses</u> and representations to various other Courts that those documents being gathered are related to these class claims. There has also not been any identification of persons likely to have discoverable information.

> We very much would like to speak with you to discuss your clients' production of their initial disclosures in this matter. But at this point you have not provided any dates for us to have that discussion and there is very little more that we can do without involving the Court. You will note that we are available for discussion at your convenience, and are willing to do what it takes so that we can participate in a meaningful way in discussions about your clients' document production.

See Exhibit 5, March 25, 2008 Correspondence from Plaintiff's Counsel to Defense Counsel (emphasis added).

> **CRITICAL DISPUTE:** Your clients' failure to provide full and complete initial disclosures and failure to comply with the Court's Standing Order regarding e-discovery for more than a year despite the Parties agreement in the Proposed Case Management Order and the requirements of Administrative Order No. 174 of the United States District Court for the Middle District of Tennessee.

See Exhibit 6, April 3, 2008 Correspondence from Plaintiff's Counsel to Defense Counsel (emphasis in original).

> I regret that we have reached an impasse on your client's Initial Disclosures and their refusal to provide full and complete Initial Disclosures at this time. In light of your client's position, please be advised that if your client produces documents in the future related to any claims or defenses in this matter, which they then attempt to use in support of their position, we will be arguing that they are precluded from doing so in light of their refusal to provide full and complete Initial Disclosures now.

See Exhibit 7, April 22, 2008 Correspondence from Plaintiff's Counsel to Defense Counsel (emphasis added).

> **Plaintiff's Deposition of Witnesses Life Investors and AEGON USA, Inc. Expect to Use in Defending Class Certification**. In my April 23 letter, I also requested that you identify those individuals

whose testimony you intend to provide to the Court in connection with your response to class certification so that we can properly cross-examine them on their anticipated testimony. <u>After initially indicating that you would not identify those individuals or put them up for deposition, you then indicated that, despite almost twenty-one months since the motion for class certification was first filed, your client "does not know" who it will call upon to provide testimony in opposition to class certification.</u> Frankly, this is hard to believe. <u>If your client continues to refuse to provide complete initial disclosures or to respond to discovery requests seeking the identification of persons who they expect will have knowledge relevant to their defense, be advised that we will file a motion to strike their affidavits</u> as a discovery sanction for non-compliance with the Rules of Civil Procedure governing disclosures and for a willful failure to respond to interrogatories and requests for production on this same subject.

See Exhibit 8, April 28, 2009 Correspondence from Plaintiff's Counsel to Defense Counsel.

Despite substantial effort by the Plaintiff over the course of two (2) years, the Defendants refused to disclose the witnesses they contended possessed evidence relevant to their defense to class certification and other issues they have argued. Plaintiff respectfully requests the submissions be stricken.

> Respectfully submitted,
>
> */s/ Thomas O. Sinclair*
> Thomas O. Sinclair
> M. Clayborn Williams
> Leitman Siegal Payne & Campbell, .C.
> 2100-A SouthBridge Parkway, Suite 450
> Birmingham, AL 35209
> Telephone: (205) 803-0051
> Facsimile: (205) 803-0053
> E-mail: tsinclair@lspclaw.com
> E-mail: cwilliams@lspclaw.com

Eric L. Buchanan, Esq.
Eric Buchanan & Associates
414 McCallie Ave.
Chattanooga, TN 37402

W. Dee Miles, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36103

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

       The undersigned attorney certifies that on the 15th day of July, 2009 a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Court's electronic filing system:

    Thomas H. Dundon, Esq.
    A. Scott Ross, Esq.
    2000 One Nashville Place
    150 Fourth Avenue North
    Nashville, TN  37219

    Markham R. Leventhal, Esq.
    Julianna Thomas McCabe, Esq.
    Jason Patrick Kairalla, Esq.
    Irma Reboso Solares, Esq.
    Jorden Burt LLP
    777 Brickell Avenue, Suite 500
    Miami, FL  33131

                                              /s/ *Thomas O. Sinclair*
                                              Of Counsel