No. 09-5598

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: LIFE INVESTORS INSURANCE )
COMPANY OF AMERICA; AEGON USA, INC., )
                                    )   O R D E R
         Petitioners.               )
                                    )
                                    )

FILED
Jul 23, 2009
LEONARD GREEN, Clerk

Before: GIBBONS, COOK, and McKEAGUE, Circuit Judges.

Life Investors Insurance Company issued a "Cancer Only Policy" to Anthony Gooch. When the company changed the requirements for proof of loss under the policy, Gooch sued Life Investors and its parent, Aegon USA, Inc. (collectively "Life Investors"), on behalf of a class.

In this petition for a writ of mandamus, Life Investors asks for specific relief: (1) that the district court be directed to vacate its summary-judgment findings and conclusions made in a March 6, 2008 memorandum and further that the district court be directed to vacate its oral "ruling" that it will treat those findings as the law of the case; (2) that the injunction in favor of Gooch be dissolved, or that the district court be directed to rule upon Life Investors's motion to dissolve the injunction; (3) that the district court be directed to allow Life Investors to proceed with basic discovery to defend the motions for class certification and summary judgment; and (4) that upon remand to the district court, the case be transferred to a different judge.

The district court has continued to address the motions filed by both Life Investors and Gooch. It has scheduled a hearing for Friday, July 24 to consider a number of pending matters, including Life Investors's motions for additional discovery, Gooch's motion for class certification, and Life Investors's motion to dissolve an injunction. Additionally, Gooch has moved the district

court for injunctive relief to enjoin Life Investors from proceeding with a class settlement in a related case that raises similar claims, *Runyan v. Transamerica Life Ins. Co.*, CV-09-2066-3 (Pulaski Co. Cir. Ct. Ark.). The district court apparently intends to take up that motion as well.

In view of these developments, Life Investors moves this court for an emergency stay of all district court proceedings. Gooch responds in opposition to the motion.[1]

As to the motion to stay the district court proceedings, the standard is well established. In considering whether to grant a stay, the court applies the traditional four-part test for injunctive relief: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). Life Investors argues for a stay primarily out of its concern about future rulings that the district court might make. We shall not grant a stay based on speculation about possible rulings, particularly when such rulings may be independently reviewable. It also appears that the district court intends to address at the hearing matters raised by Life Investors that are pertinent to this petition.

As to the petition for a writ of mandamus, we are not yet prepared to rule. In part, our concerns arise from deciphering the many "orders" entered on the district court's docket that in fact are marginal rulings with little or no explanation.[2] As a result, it is difficult to determine precisely

---

[1] In filing the motion to stay and the response, both Life Investors and Gooch ask for leave to exceed the page limits. In the interest of a prompt disposition, we grant those requests. We note, however, that both parties have far exceeded the applicable limits. *See* Fed. R. App. P. 27(d)(2). In the future, they should not expect that such extensive requests will be routinely granted.

[2] Although marginal rulings are not categorically barred, we have frequently discouraged the practice. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1015 n.7 (6th Cir. 2003); *United States v. Woods*, 885 F.2d 352, 353-54 (6th Cir. 1989).

No. 09-5598
- 3 -

what the district court has ruled or its reasoning.  For example, we cannot determine what schedule, if any, was put in place for discovery.

By prior order, we directed a response.  Subsequently, an extension until Friday, July 24 was granted for filing such responses.  Thus, we are waiting to hear from the district court regarding this litigation in a manner that will allow us to address the petition for a writ of mandamus.

In view of the above, the emergency motion for a stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk