IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTHONY E. GOOCH, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:07-0016 |
| v. | ) ) | Judge Haynes |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA; and AEGON USA INC., | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION TO STRIKE

Defendants Life Investors Insurance Company of America ("Life Investors") and AEGON USA, Inc. hereby respond to "Plaintiff's Motion To Strike" the declarations of Glenn Alan Melnick, Ph.D., and Marc Chapman (D.E. 328) (the "Motion to Strike" or "Motion"). For the reasons set forth below, plaintiff's Motion is without merit and should be denied.

### INTRODUCTION

Plaintiff's Motion seeks to strike the testimony of two expert witnesses whose declarations Defendants submitted in Opposition to Plaintiff's Second Motion for Class Certification. D.E. 297. Plaintiff has not questioned the qualifications of either expert, nor has he challenged the relevance of their testimony to the class certification issues pending before this Court.[1]  Rather, plaintiff's Motion to Strike is based solely on his contention that "the

---

[1] Federal Rule of Evidence 702 provides, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience or education, may testify thereto in the
*(continued on next page)*

Defendants never disclosed these witnesses." Motion at 2. This statement is directly contradicted by the record, and the Motion should be denied.[2]

Defendants disclosed the identity of Dr. Glenn Melnick to plaintiff more than sixteen months ago when Dr. Melnick provided prior testimony in this action on **March 18, 2008**. *See* Declaration of Glenn Alan Melnick, Ph.D. (D.E. 121) filed with Memorandum of Law in support of Defendants' Motion to Vacate Class Certification Order, to Reinstate Class Discovery Period, and to Schedule Class Certification Hearing (D.E. 118). Similarly, Life Investors disclosed the identity of Marc Chapman to plaintiff more than four months ago, when Mr. Chapman provided expert testimony in the Declaration of Marc Chapman (D.E. 241) in support of Defendant Life Investors Insurance Company of America's Motion to Dissolve Preliminary Injunction (D.E. 238).

Not only is plaintiff's Motion to Strike based on a mistaken factual predicate, plaintiff's Motion finds no support in the law, which requires this Court to undertake a "rigorous analysis" and consider evidence in deciding whether to certify the national class of policyholders sought

---

form of an opinion." Fed. R. Evid. 702. The court must determine whether the proffered expert is an expert, whether they are testifying about matters requiring specialized knowledge, and whether the testimony will assist the trier of fact. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-92 (1993).

[2] On July 9, 2007, Defendants served their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1)(A), serving over one thousand pages of documents related to plaintiff's claims and policy, and identifying various fact witnesses including plaintiff's insurance agent, Jerry Roberts, and Connie Whitlock, Life Investors' Senior Vice President who decided that the Company must update its claim forms and procedures to more accurately pay claims for benefits based on "actual charges." *See* Motion at Exh. 1. Life Investors also referred plaintiff to "[p]ersons identified in depositions taken or documents produced" as individuals likely to have discoverable information. *Id*. Life Investors had not retained either Dr. Melnick or Mr. Chapman in July 2007, and the disclosure of expert witnesses was not due (and still is not due) under Rule 26(a)(2) (in absence of stipulation or court order, disclosure of testifying experts must be made "90 days before the date set for trial or for the case to be ready for trial").

by plaintiff. *In re Am. Med. Sys.,* 75 F.3d 1069, 1078-79 (6th Cir. 1996) (quoting *Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 161 (1982)).

Finally, plaintiff ignores that his discovery in this litigation is ongoing and he is free to depose Dr. Melnick or Mr. Chapman at any time. The Court has not entered a scheduling order and no trial date is set. Plaintiff does not and cannot direct the Court to any prejudice he has suffered as a result of his own failure to depose Dr. Melnick or Mr. Chapman to date. Plaintiff's Motion offers no justifiable reason for striking or excluding Dr. Melnick's or Mr. Chapman's declarations, and the Motion should be denied.

### ARGUMENT

**I. THE EXPERT OPINIONS OF DR. MELNICK AND MR. CHAPMAN ARE RELEVANT TO THE RULE 23 CERTIFICATION REQUIREMENTS AND WILL ASSIST THE COURT IN APPLYING THE MANDATORY RIGOROUS ANALYSIS**

**A. The Declarations Should Not Be Stricken Because They Address Mandatory Rule 23 Certification Requirements**

This Court should not strike or exclude Dr. Melnick's or Mr. Chapman's declarations because their expert opinions address key elements of class certification. Plaintiff does not allege that the expert declarations are irrelevant, nor could he. Before certifying a class, this Court must "conduct a rigorous analysis into whether the prerequisites of Rule 23 are met." *In re Am. Med. Sys.,* 75 F.3d 1069, 1078-79 (6th Cir. 1996) (quoting *Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 161 (1982)). Plaintiff bears the burden of establishing that *each* of the requirements of Rule 23 is met prior to certification. *Id.* at 1079. This Court must find by a preponderance of the evidence each fact necessary to the meet requirements of Rule 23. *In re Hydrogen Peroxide Antitrust Lit.,* 552 F.3d 305, 320 (3d Cir 2008). Further, "Rule 23 calls for consideration of all relevant evidence and arguments, ***including relevant expert testimony*** of the parties." *Hydrogen Peroxide*, 552 F.3d at 325 (emphasis added).

3

The declarations plaintiff seeks to strike are relevant to the Rule 23 requirements. For example, Dr. Melnick's Declaration directly addresses plaintiff's ability to adequately represent the class based on a conflict with class members due to the potential for increased premiums. Record evidence in this case establishes the substantial <u>past</u> rate increases caused by the experience of mistakenly paying benefits based inflated "list prices," and the higher future premium rate increases that will result if future benefit payments must be paid based on such fictitious prices. *See generally* Declaration of Stephen Gwin (D.E. 298-4). Dr. Melnick's testimony applies those facts and explains the fundamental conflict of interest between plaintiff and those class members who wish to maintain affordable premiums. *See* Declaration of Glenn Alan Melnick (D.E. 298-9) ¶¶ 19-20. Mr. Chapman similarly demonstrates that because insureds submit a vast array of documentation, time-consuming individual review of each insured's claims would be involved in this action and certification under Rule 23(b)(2) would be improper. *See, e.g., Mason v. Granholm*, 2007 WL 2541769, at *2 (E.D. Mich. Aug. 31, 2007) (denying (b)(2) certification because plaintiffs' proof of a pattern or practice applicable to the class would not establish liability or damages for the class).

Because the declarations of Dr. Melnick and Mr. Chapman are relevant to class certification issues, and plaintiff does not contend otherwise, the Court should consider the declarations. *Hydrogen Peroxide*, 552 F.3d at 324 ("Genuine disputes with respect to the Rule 23 requirements *must* be resolved, after considering *all* relevant evidence submitted by the parties.") (emphasis added).

### B. Dr. Melnick And Mr. Chapman Are Qualified To Render Their Opinions In This Matter

In addition to his failure to consider the relevance of the Melnick and Chapman testimony to class certification issues, plaintiff likewise does not support his Motion to Strike with any contention that either expert is unqualified, nor could he. Indeed, two other federal courts in

related litigation have considered their testimony on class certification issues.

### *Dr. Glenn Alan Melnick*

Dr. Melnick's credentials can hardly be questioned. He holds two masters degrees and a Ph.D. and has more than twenty-five years of experience in the field of health economics and in the health insurance industry. Dr. Melnick has engaged in extensive research on topics such as health care pricing, health care management, hospital and health care systems, health insurance markets, health insurance laws and regulations, health insurance data systems, alternative health insurance products and policies, and other related topics. He has testified before the United States Congress, and has consulted with the U.S. Federal Trade commission and various state attorneys general on how proposed health care transactions would affect the performance of health care markets including their effects on health insurance policies in the market place. Dr. Melnick's qualifications and credentials are summarized in his Declaration and Curriculum Vitae. D.E. 298-9.

Dr. Melnick's expert testimony on class certification issues has been considered by two other federal courts in related litigation. First, his declaration was considered persuasive by the court in denying class certification in the related action of *Pipes v. Life Investors Ins. Co. of America*, 254 F.R.D. 544, 550 (E.D. Ark. 2008). In *Pipes*, Judge Susan Webber Wright specifically cited to Dr. Melnick's conclusion that "linking health insurance benefit payments to list prices on provider statements would likely result in 'larger than market' premium increases" and noted that the conflict between the named plaintiffs and absent class members goes to the "very heart of this litigation." *Pipes*, 254 F.R.D. at 550.[3] Similarly, in *Smith v. Life Investors Insurance Co.*, Case No. 07-00681 (W.D. Pa.), the Court recently denied a motion to strike the

---

[3] The *Pipes* court also discussed Dr. Melnick's testimony "that healthcare providers inflate list prices as a means to negotiate real or actual charges." *Pipes*, 254 F.R.D. at 547 n.2.

declaration testimony of Dr. Melnick, acknowledging that a "rigorous analysis of all relevant evidence, including relevant expert testimony" is required in deciding class certification. *Smith* (D.E. 200) at 6-7. The *Smith* court found that Dr. Melnick's declaration provided a "supporting background explanation as to why there is a claimed conflict between Plaintiff and the other class members." *Id*. Accordingly, the *Smith* court ruled that it would consider Dr. Melnick's declaration in its entirety in determining whether "each of the prerequisites to class certification have been met." *Id*. (citations omitted).

### *Marc Chapman*

Marc Chapman is an expert with over 25 years of healthcare financial experience. He has extensive experience and knowledge of contracts between major medical insurance companies and providers, Medicare regulations, and the methods used in reimbursing providers. Since 2003, he has compiled more than ten years of financial information on every hospital in the county and created a database that includes more than 100 million financial data points. Mr. Chapman has taken that information and developed a method to calculate reasonable and fair hospital charges.

In denying class certification, the *Pipes* court relied in part upon Mr. Chapman's declaration, noting that "Life Investors has presented evidence showing that a determination of the 'amount billed' for healthcare services is a complicated task that requires consideration of individualized evidence." 254 F.R.D. at 551. Mr. Chapman's declaration was also filed in opposition to class certification in the *Smith* action and is presently being considered by that court, which has not yet ruled on class certification.[4]

---

[4] Plaintiff has been "coordinating" his litigation efforts with plaintiffs' counsel in related litigation since at least August, 2008 when he filed Plaintiffs Motion for Limited Relief from Stay (D.E. 179) and Motion for Entry of a Protective Order (D.E. 181). Accordingly, in addition to the fact that Dr. Melnick and Mr. Chapman were disclosed to plaintiff long ago in this action,
*(continued on next page)*

Because Dr. Melnick and Mr. Chapman are clearly qualified and provide relevant testimony, plaintiff's Motion should be denied.

## II. PLAINTIFF OFFERS NO LEGITIMATE BASIS FOR STRIKING THE DECLARATIONS

Plaintiff's argument that that this Court should strike the declarations because Life Investors did not previously "disclose" Dr. Melnick and Mr. Chapman lacks not only factual support, but any legal basis, citation, or support. Plaintiff's Motion fails to specifically cite any legal authority supporting the relief he seeks.[5] Rule 26(a)(1) does not require a party to disclose the names of experts it has not yet retained. Similarly, Rule 26(a)(2) does not require the disclosure of testifying expert witnesses retained for trial until required by the Court's scheduling order or, if no scheduling order applies, within 90 days of trial. Finally, Rule 26(e) provides for the supplementation or correction of disclosures only if a party learns its disclosure is incomplete or incorrect, and it imposes no obligation on a party to supplement its initial disclosures if a potential witness is disclosed in some other manner. *See Law v. Am. Capital Strategies, Ltd.*, 2007 WL 221671, at *7-8 (M.D. Tenn. Jan. 26, 2007) (denying motion to strike where disclosures were not supplemented because witnesses were "otherwise" made known); *Watts v. Hospitality Ventures, LLC*, 2008 WL 220798, at *1 (M.D. Ala. Jan. 25, 2008) ("There is no 'obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously

---

plaintiff has been well aware of their declarations in opposition to class certification in related cases.

[5] Similarly, plaintiff cites no authority as a basis for striking the declarations. It appears he is relying on Federal Rule of Civil Procedure 37(c)(1) which permits the court to strike a witness for a violation of Rule 26 "***unless the failure was substantially justified or is harmless.***" Fed. R. Civ. P. 37(c)(1) (emphasis added). As discussed below, any purported failure to identify Dr. Melnick or Mr. Chapman is harmless, and plaintiff offers no suggestion otherwise. Thus, there is no basis for striking the declarations under Rule 37.

disclosed is identified during the taking of a deposition.'") (citing Fed. R. Civ. P. 26(e) advisory committee note). Courts from this district have advised that the intent of Rule 37 is to avoid "unduly harsh penalties," and that even "evidence about which a party has failed to make the requisite disclosures still may be used if 'such failure is harmless.'" *Wilks v. Pep Boys*, 2006 WL 2821705, at *2 (M.D. Tenn. Sept. 26, 2006) (citing Fed. R. Civ. P. 37 advisory note). There is simply no basis in the law for plaintiff's Motion to Strike the declarations, as Dr. Melnick and Mr. Chapman were made known to plaintiff during the course of this litigation, and discovery remains on-going.

### A. Dr. Melnick And Mr. Chapman Were "Otherwise" Made Known During The Discovery Process

The identities of Dr. Melnick and Mr. Chapman were disclosed to plaintiff long before their declarations were filed on June 30, 2009 in opposition to his class certification motion. Although plaintiff relies on a series of quotations from his own counsel's letters to somehow support his Motion, plaintiff completely ignores that both Dr. Melnick and Mr. Chapman presented prior testimony in this action. On March 18, 2008, Dr. Melnick submitted a declaration in which he states, "I have been retained by Life Investors Insurance Company of America ("LICA") to consider issues pertaining to the health insurance industry, billing pricing and trends in medical costs and a cancer policy issued by LICA to Anthony Gooch." D.E. 121. Similarly, on March 10, 2009, Mr. Chapman submitted a declaration in support of Life Investors' Motion to Dissolve Preliminary Injunction. D.E. 239. These declarations clearly satisfied Defendants' obligations under Rule 26 as Dr. Melnick and Mr. Chapman were "otherwise" made known during the discovery process. *See, e.g.*, *Wilks*, 2006 WL 2821705, at *1-2 (refusing to strike declarations of individuals that had filed declarations in support of a previous motion); *Law*, 2007 WL 221671, at *8 (holding that there is no need to supplement disclosures under Rule 26(e)(2) if potential witness are "otherwise" disclosed during discovery); *see also* Fed. R. Civ. P.

26(2)(C) ("Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to ready for trial. . . ."). This Court has not entered a scheduling order in this action, and no discovery deadlines, trial date, or deadline for expert disclosures have been set.

Even if Dr. Melnick and Mr. Chapman had not previously testified in this action, their declarations filed in opposition to plaintiff's motion to class certification were disclosed to plaintiff "during the discovery process," which is ongoing, and thus, there would be no basis for striking the declarations. *See Watts*, 2008 WL 220798, at *2 ("Defendant was not obligated to supplement its initial disclosures to include Kish because Kish was identified in the affidavit [in support of the motion for partial summary judgment].").

### B. Plaintiff's Motion Identifies No Prejudice And Plaintiff Has Ample Opportunity To Hire His Own Experts And Engage In Expert Discovery

Even if plaintiff's position had legal or factual merit, which it does not, any failure to disclose Dr. Melnick and Mr. Chapman prior to the submission of their recent declarations would not justify striking their declarations. *See e.g.*, *Wilks*, 2006 WL 2821705, at *2 ("The court finds that any failure by the plaintiffs to disclose the identity of the other fifteen declarants was harmless and that the declarations should remain in evidence."). Indeed, plaintiff offers no argument or suggestion that he has been prejudiced in any way by the purported failure to disclose Dr. Melnick or Mr. Chapman. *See, e.g., Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002) (denying motion strike noting "defendant has not so much as suggested that plaintiff's failure to identify the physician as an expert has resulted in prejudice."); *Weiland v. Linear Construction, Ltd.*, 2002 WL 31307622, at *3 (N.D. Ill. Oct. 15, 2002) (denying motion to exclude under Rule 37 because "Defendants have not demonstrated that they would suffer any harm from Plaintiffs' failure to disclose" witnesses). Nor could plaintiff claim any prejudice as the discovery period has not expired, and plaintiff is free to hire his own experts and to depose

9

either Dr. Melnick or Mr. Chapman. *See, e.g., Brown v. Chertoff*, 2009 WL 50163, at *5 (S.D. Ga. Jan. 7, 2009) (denying motion to strike declarations in support of motion for summary judgment because plaintiff "was aware of the identities of [the declarants] during discovery and could have sought to depose them had he chose to do so."); *Blake v. City of New York*, 2007 WL 1975570, at *5 (S.D.N.Y July 6, 2007) (denying motion to strike where plaintiff was notified of potential witness during discovery period and could have noticed deposition prior to the close of discovery); *Nisus Corp. v. Perma-Chink Sys., Inc.*, 2005 WL 6112992, at *3 (E.D. Tenn. May 27, 2005) (holding that untimely identification of witness was harmless when opposing party still had ample time to depose the witness).[6]

The *Weiland* court advised that the purpose of Rule 37 is to ensure that the merits of a case can be addressed without a party suffering prejudice as a result of malfeasance during discovery. *Weiland*, 2002 WL 31307622, at *2. Here, no prejudice will befall plaintiff as the discovery period has not expired, Life Investors has not violated any scheduling order or missed any expert disclosure deadline, and no trial date has been set. *See S. Elec. Supply Co. v. Lienguard, Inc.*, 2007 WL 2156658, at *3 (S.D. Ohio July 25, 2007) (noting that there is a direct relationship between the time before trial and a finding of prejudice, "as the trial date gets closer, the Court should be more critical of non-disclosures"). Thus, even if plaintiff were correct that he was entitled to an identification of Defendant's potential expert witnesses earlier than sixteen months and four months ago, respectively, there is no justification for striking the declarations,

---

[6] In response to plaintiff's request to depose any individuals whose testimony the defendants intended to use in its response to class certification, plaintiff was advised that Defendants would make any individuals available for deposition after the response was filed. *See* May 6, 2009 correspondence from Irma Solares to Thomas Sinclair, attached as Exhibit A ("You have asked to depose those individuals whose testimony Life Investors intends to provide the Court in opposition to the class certification motion. We will make any such individuals available for deposition after Life Investors' response to the class certification motion is filed.").

which would contravene of the spirit and intent of the federal rules. *See, e.g., Wilks*, 2006 WL 2821705, at *2 (refusing to strike declarations because it would be an "unduly harsh penalt[y]" as the opposing party suffered no harm); *S. Elec. Supply Co.*, 2007 WL 2156658, at *3 (noting that severe sanctions that deprive a party of evidence should be reserved for the most prejudicial non-disclosures).

## CONCLUSION

For the reasons stated herein, Life Investors respectfully requests that this Court deny plaintiff's Motion to Strike the declarations of Glenn Alan Melnick, Ph.D., and Marc Chapman.

Respectfully submitted,

/s/ Irma Reboso Solares

| | |
|---|---|
| Thomas H. Dundon (004539) | Markham R. Leventhal, Esq. |
| A. Scott Ross (015634) | Julianna Thomas McCabe, Esq. |
| NEAL & HARWELL, PLC | Irma Reboso Solares, Esq. |
| 150 Fourth Avenue, North, Suite 2000 | JORDEN BURT LLP |
| Nashville, Tennessee 37219 | 777 Brickell Avenue, Suite 500 |
| Tel: (615) 244-1713 | Miami, Florida 33131 |
| Fax: (615) 726-0573 | Tel: (305) 371-2600 |
| | Fax: (305) 372-9928 |

*Attorneys for Defendants Life Investors Insurance Company of America and AEGON USA, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 3, 2009, I electronically filed the foregoing "Defendants' Response in Opposition to Plaintiff's Motion to Strike" with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Eric L. Buchanan, Esq.
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
jgeselbracht@buchanandisability.com

Thomas O. Sinclair, Esq.
M. Clay Williams, Esq.
Andrew P. Campbell, Esq.
Campbell, Gidiere, Lee, Sinclair & Williams, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
tsinclair@cwp-law.com
cwilliams@cwp-law.com
acampbell@cwp-law.com

W. Daniel Miles, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36103
dee.miles@beasleyallen.com

*Attorneys for Plaintiff*

            /s/ Irma Reboso Solares

179646